# CHARLESTON.

### BOARD OF EDUCATION v. WARD et al.

Submitted September 9, 1901.   Decided December 7, 1901.

ATTORNEYS ALLOWANCE—*Ex Parte Order.*

An *ex parte* order making allowances to an attorney for legal services out of funds in the control of the court is non-appealable. If erroneous, the proper remedy to correct it, is by motion in the lower court.   (p. 444).

Appeal from Circuit Court, Randolph County.

Application by the board of education of the district of Beverly and others against Jacob G. Ward and others. Decree for defendants, and plaintiffs appeal.

*Dismissed.*

E. D. TALBOT and J. L. WAMSLEY, for appellants.

W. H. COBB and C. W. MAXWELL, for appellees.

DENT, JUDGE:

The Boards of Education of the various districts of Randolph County appeal from the following decree:  * * * *  "And the court now proceeding to ascertain and make an allowance to C. H. Scott, attorney for the Board of Education of the District of Valley Bend, the District of Huttonsville, the District of Mingo, the District of Middle Fork, the District of Leadsville, the District of New Interest, the District of Beverly and the District of Dry Fork in this county, for his services in prosecuting suits in their names against Jacob B. Ward, late sheriff of this county, and his sureties, and collecting the money upon the judgment obtained by said Boards of Education, doth

adjudge, order and decree that the said Scott is entitled to retain of his collections fifteen per cent. thereof, and in the case of the Board of Education of the District of Beverly, as appears from said report, all the money has been paid to it; of his collections he is to be paid one hundred and sixty-three dollars and thirty-two cents, and that the District of Leadsville has been paid in full, and he is entitled to be paid by it the sum of eighteen dollars and ninety cents, and that for the District of Valley Bend from the collections made by the said Scott— he is allowed to retain the sum of fifty-eight dollars and fifty-three cents, and that for the District of New Interest, from the collections made by the said Scott, he is allowed to retain the sum of one hundred and two dollars; that for the District of Dry Fork from the collections made by the said Scott, he is allowed to retain the sum of two hundred and thirty-six dollars and thirty-two cents; that for the District of Middle Fork, from the collections made by the said Scott, he is allowed to retain the sum of one hundred and thirty-eight dollars and nine cents; that for the District of Huttonsville, from the collections made by the said Scott, he is allowed to retain the sum of one hundred and twenty-four dollars and sixty-two cents; that for the District of Mingo from the collections made by the said Scott, he is allowed to retain the sum of two hundred and forty-six dollars and eighty-eight cents."

Errors assigned are as follows: "Petitioners insist that it was error in the circuit court of Randolph County to allow the said Scott in said suit any sum whatever other than the commissions and docket fees, as almost all the time he was engaged in said litigation he was the prosecuting attorney for the county of Randolph, and as such it was his duty under the law to prosecute said suits; that it was error in said court to decree to said Scott one hundred and sixty-three dollars and thirty-two cents against the District of Beverly, as there was no pleadings in the causes to justiyfy the court in settling any controversy between the said Scott and said District of Beverly as to the fees, if any, he was entitled to receive, as the entire amount due to said District of Beverly, was assigned to the said Barlow while Scott was yet prosecuting attorney; that it was error in the said court to decree against the District of Leadsville in favor of said Scott eighteen dollars and ninety cents; that it was error in said court by its decree to allow the said Scott

to retain out of the District of Valley Bend fifty-eight dollars and fifty-two cents; out of the money due the District of New Interest one hundred and two dollars; out of the money due the District of Middle Fork one hundred and thirty-eight dollars and nine cents; out of the money due the District of Dry Fork two hundred and thirty-six dollars and thirty-two cents; out of the money due the District of Huttonsville, one hundred and twenty-four dolars and sixty-two cents; out of the money due the District of Mingo, two hundred and forty-six dollars and eighty-eight cents; that it was error in said circuit court not to order and decree that the said Scott, as one of said special commissioners, should pay to said several districts the amount of money in his hands due to each of them, as shown in the report of Commissioner Baker."

This order being *ex parte* is non-appealable. If the various Boards of Education deem themselves aggrieved by it, their proper remedy is by motion in the circuit court, where if erroneous, it can be corrected. *Brast* v. *Kanawha Oil Co. et al.,* 46 W. Va. 613; 2 En. Plead. & Prac. 96.

The appeal is therefore dismissed as improvidently awarded.

*Dismissed.*